IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | | |
|---|---|---|
| DEAN ANCHOR, | ) | Case No. 2:06-CV-01909-MMS |
| Petitioner, | ) | ORDER |
| v. | ) | |
| ROSANNE CAMPBELL, Warden, | ) | |
| Respondent. | ) | |

    Petitioner Dean Anchor, a California state prisoner, seeks a writ of habeas corpus under 28 U.S.C. § 2254 disputing the state court's denial of habeas relief on his challenge to the May 6, 2005 decision of the California Board of Parole Hearings ("BPH") denying him parole. Petitioner alleges the denial of parole violated his rights under the Fourteenth Amendment of the Constitution. This court stayed proceedings pending the Ninth Circuit's decision in *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc) and has received supplemental memoranda on its impact on this case. Having considered the arguments of the parties, the Court DENIES the petition for the reasons stated below.

## BACKGROUND

    Anchor is serving a sentence of 15 years to life for second degree murder.

In 1985, Anchor murdered a 30-year-old "outcall masseuse" in his house. Anchor, who still claims that he has no memory of the murder, struck the woman 23 times with a blunt object. The woman was found unclothed from the waist up and wearing only underwear.

The BPH denied parole at Anchor's May 2005 hearing. The Board focused on the brutal nature of the crime, noting that Anchor had hit his victim numerous times with no apparent motive. The BPH also stated that Anchor's past history of violence and substance abuse, along with his unstable social history, further suggested he was not suitable for parole.

Anchor filed a petition for a writ of habeas corpus in California Superior Court. The court denied the petition, stating that Anchor had failed to "establish a prima facie case." The state court of appeal and California Supreme Court denied review.

Anchor filed a timely federal habeas petition.

## DISCUSSION

Under California law, prisoners serving indeterminate life sentences become eligible for parole after serving a minimum term of confinement. *In re Dannenberg*, 104 P.3d 783, 785-86 (Cal. 2005). California regulations state that "a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison." Cal. Code Regs. tit. 15, § 2402(a). In making this suitability determination, the BPH looks to factors such as the nature of the commitment offense, the prisoner's record of violence, social history, behavior in prison, and any other information relevant to whether the prisoner poses an unreasonable risk to society. *See* Cal. Code Regs. tit. 15 § 2402(b)-(d).

If the prisoner files a state habeas petition, the state court reviews the

decision of the BPH to determine whether "some evidence" supports the unsuitability determination. *See In re Shaputis*, 190 P.3d 573, 580-81 (Cal. 2008). California has defined "some evidence" to mean that the BPH's determination "must have some indicia of reliability." *In re Scott*, 15 Cal. Rptr. 3d 32, 52 (2004) (internal quotation marks omitted). A decision is not supported by "some evidence" if the BPH denies parole solely on the basis of facts of the commitment offense. *See In re Lawrence*, 190 P.3d 535, 549 (Cal. 2008).

In *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc), the Ninth Circuit explained the standard federal courts are to apply in reviewing the California court's denial of habeas relief to a prisoner challenging the BHP's denial of parole. The court held that a federal court may grant a writ of habeas corpus only if the "decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'" *Id.* at 562-63. The Court here must, therefore, decide whether the California Superior Court's decision upholding the BPH's denial of parole unreasonably applied California's "some evidence" standard. *Id*.

The record in this case supports the BPH determination that Anchor was not suitable for parole. As was found by the BPH and state court, the murder was conducted in a cruel and callous manner, and the Board properly relied on this finding in denying parole. *See* Cal. Code Regs. tit. 15, § 2042(c)(1). Petitioner struck his victim over 23 times with a blunt object, and had no apparent motive for doing so. *See* Cal. Code Regs. tit. 15, § 2402(c)(1)(E). The violent nature of the murder thus supports the BPH determination.

The Ninth Circuit has also said that a state cannot rely *solely* on the facts of the crime of conviction in denying a petitioner parole. *See Cooke v. Solis*, 606

3

F.3d 1206, 1214 (9th Cir. 2010).  The BPH also pointed to the Anchor's escalating pattern of violence prior to the murder and history of substance abuse.  These factors also provided "some evidence" of Anchor's unsuitability.

Anchor's criminal history shows that he was becoming progressively more violent prior to the murder.  In 1976, Petitioner got into a fight at a party and then later destroyed the car of his combatant.  In 1979, Petitioner beat up his girlfriend's six year old daughter, giving her a black eye and a bloody nose.  As the Superior Court also found, this was a particularly senseless murder with no apparent motive.  Anchor cannot even recall why he did it because he was on drugs at the time.  He admits to abusing drugs, including alcohol, cocaine, and heroin, at various points in his life.  The BPH was therefore entitled to rely on Anchor's prior violent history, drug use, and lack of motive in denying him parole because all are supported by the record.  Cal. Code Regs. tit. 15, § 2402(c)(1)(E), (2).

The record also provides support for the determination that Anchor has not sufficiently participated in prison self-help programs on substance abuse and anger management.  While he has maintained a relationship with his mother who he said provided a stable upbringing, and Anchor's ex-wife wrote a letter to the BPH supporting his parole, his social history, coupled with the circumstances surrounding the crime and Anchor's history of drug use and violence provides more than ample support for the denial of parole on the basis of Anchor's unstable and violent history.

Petitioner also raises a claim challenging California's parole procedures, focusing on the Governor's supposed policy of denying parole to all murderers.  Petitioner, however, failed to raise that claim before the California courts and it is therefore unexhausted.  *See Peterson v. Lampert*, 319 F.3d 1153, 1155-57 (9th Cir. 2003) (en banc) (finding that a claim is unexhausted if it has not been "fairly

4

presented" to the state court). It would moreover be pointless to permit Anchor to return to state court because this claim is procedurally barred. *See Johnson v. Lewis*, 929 F.2d 460, 464 (9th Cir. 1991). Under California law, "a defendant is not permitted to try out his contentions piecemeal by successive proceedings attacking the validity of the judgment against him." *In re Clark*, 855 P.2d 729, 740 (Cal. 1993). Anchor has provided no justification for his failure to raise this claim in his state habeas petition so a California court would reject this claim if Anchor returned to state court. In any event, this claim is without merit. States have "flexibility in deciding what procedures are needed in the context of postconviction relief," and California's procedures are consistent with the requirements of federal law. *See Hayward*, 603 F.3d at 563 (citation omitted).

## CONCLUSION

For the above reasons, the petition for a writ of habeas corpus is DENIED. A certificate of appealability is also DENIED because Petitioner has failed to show his claims are "debatable among reasonable jurists." *See Hayward*, 603 F.3d at 555.

DATED:     September 8, 2010

/s/ *Mary M. Schroeder*
MARY M. SCHROEDER,
United States Circuit Judge
Sitting by designation